UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| STATE OF NORTH CAROLINA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | No. 5:14-CR-186-F-1 |
| | ) | |
| MICHAEL ANTHONY JENKINS, | ) | |
| Defendant. | ) | |

| STATE OF NORTH CAROLINA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | No. 5:14-CR-187-F-1 |
| | ) | |
| MICHAEL ANTHONY JENKINS, | ) | |
| Defendant. | ) | |

| STATE OF NORTH CAROLINA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | No. 5:14-CR-188-F-1 |
| | ) | |
| MICHAEL ANTHONY JENKINS, | ) | |
| Defendant. | ) | |

| STATE OF NORTH CAROLINA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | No. 5:14-CR-189-F-1 |
| | ) | |
| MICHAEL ANTHONY JENKINS, | ) | |
| Defendant. | ) | |

This matter is before the court on the Notice of Removal filed by Michael Anthony Jenkins in this court on August 27, 2014, purporting to remove four criminal actions brought against him in Wake County Superior Court. For the reasons stated below, each of these actions is REMANDED to state court.

As background, Jenkins was named as a defendant in a civil action initiated in this court by the United States Commodity Futures Trading Commission ("CFTC"). *See CFTC v. Harbor Light*

*Asset Mgmt., LLC*, Case No. 5:12-CV-758-F. In that action, the CFTC alleged that Jenkins and Harbor Light Asset Management, LLC ("HLAM"), operated a Ponzi scheme by which they fraudulently solicited, misappropriated investments, and made misrepresentations to at least 377 investors in connection with the trading on a designated contract market in violation of the Commodity Exchange Act, as amended, 7 U.S.C. §§ *et seq. See CFTC v. Harbor Light Asset Mgmt., LLC*, Case No. 5:12-CV-758-F, Compl. ¶ 1 [DE-1]. Neither Jenkins nor HLAM appeared in that civil action, and the court allowed the CFTC's motion for default judgment. *See* January 23, 2014 Order [DE-20].

Jenkins, proceeding pro se, now purports to remove four state criminal actions on the basis that "all plaintiffs in the [state] cases are included in Case No. 5:12-cv-00758-F." *See* No. 5:14-CR-186-F-1, Notice of Removal [DE-1] at 1.[1] He also appears to assert that this court has subject matter jurisdiction over his state criminal cases by virtue of diversity of citizenship and federal question jurisdiction. *See id.* at 1-3; *see also* 28 U.S.C. §§ 1332(a), 1441. Finally, Jenkins asserts:

> I am also seeking relief because the State of N.C. Attorney General's Office and the Wake County District Attorney's Office have jailed me in the Wake County Jail, Raleigh, N.C. for in excess of two years now, and have not taken any action at this point in all four of my aforementioned cases. My constitutional rights have been violated numerous times as I have not been in the courtroom except for the first appearance on 8/20/2012.

No. 5:14-CV-186-F-1, Notice of Removal [DE-1] at 3-4.

---

[1] For each of these actions, Mr. Jenkins has attached a copy of an arrest warrant. *See* No. 5:14-CR-186-F-1, [DE-1-2] (arrest warrant in 12CR 204704 charging Jenkins with obtaining property by false pretenses in violation of N.C. Gen. Stat. § 14-100); No. 5:14-CR-187-F-1, [DE-1-2] (arrest warrant in 12CR 218586 charging Jenkins with violating N.C. Gen. Stat. § 78A-8, of the North Carolina Securities Act); No. 5:14-CR-188-F-1, [DE-1-2] (arrest warrant in 12CR 218587 charging Jenkins with violating N.C. Gen. Stat. § 78A-8 of the North Carolina Securities Act); No. 5:14-CR-189-F-1, [DE-1-2] (arrest warrant in 12CR 218588 charging Jenkins with violating N.C. Gen. Stat. § 78A-8 of the North Carolina General Securities Act).

When a defendant in a state criminal case files a notice of removal in a United States district court, that court "shall examine the notice promptly," and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). In this case, an examination of the notice and attachments reveals that summary remand in appropriate.

"'[F]ederal courts are courts of limited jurisdiction,' constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.,* 147 F.3d 347, 352 (4th Cir.1998) (quoting *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374 (1978)). Moreover, federal law severely limits the circumstances under which a litigant may remove a case from state court to federal court. *See* 28 U.S.C. §§ 1441-1453; *see also Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir.1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction."). Further, "[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey,* 29 F.3d at 151.

Jenkins has not carried the burden in this case. Only three federal statutes provide for removal of state criminal cases: 28 U.S.C. §§ 1442, 1442a and 1443. *See also Iowa v. Johnson,* 976 F.Supp. 812, 816 (N.D.Iowa 1997) ("If this state criminal prosecution is removable to federal district court, it must be on the basis of one of three federal statutes, 28 U.S.C. § 1442, 28 U.S.C. § 1442a, or 28 U.S.C. § 1443."). Jenkins has failed to satisfy the conditions of any of those statutes because he has failed to allege that he has acted as or assisted a federal official, acted as a member of the military, or faces the denial of racial equality. *See City of Greenwood v. Peacock,* 384 U..S. 808, 815 (1966) ("[T]he history of [28 U.S.C. § ] 1443(2) demonstrates convincingly that this subsection of the

removal statute is available only to *federal officers and to persons assisting such officers* . . . ." (emphasis added)); *Crawford v. State of Md.,* No. 9222190, 4 F.3d 984 (table), 1993 WL 375649, at *1 (4th Cir. Sept. 24, 1993) (unpublished) ("[W]e find that the petition for removal [under 28 U.S.C. § 1443(1) ] was without substantive merit because it contemplated broad contentions under generally applicable constitutional rights, rather than 'any law providing for specific civil rights stated in terms of *racial equality.*'" (quoting *Georgia v. Rachel,* 384 U.S. 780, 792 (1966)) (emphasis added)); *Florida v. Simanonok,* 850 F.2d 1429, 1430 n. 1 (11th Cir.1988) ("Clearly, the party seeking removal [under 28 U.S.C. § 1442a] must also be a *member of the armed forces.*" (emphasis added)).

Because the Notice of Removal and the exhibits thereto demonstrate that the removal should not be permitted, it is hereby ORDERED pursuant to 28 U.S.C. § 1455(b)(4) that each of these criminal actions (No. 5:14-CR-186-F-1, No. 5:14-CR-187-F-1, No. 5:14-CR-188-F-1, and No. 5:14-CR-189-F-1) be REMANDED to the General Court of Justice, Superior Court Division, Wake County, North Carolina.

SO ORDERED. This the 9 day of September, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge